# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:08-CR-00018-FL-2
NO. 5:12-CV-00126-FL

| | |
|---|---|
| HEATHER DIANE STEWART, )<br>  )<br>Petitioner, )<br>  )<br>v. )<br>  )<br>UNITED STATES OF AMERICA, )<br>  )<br>Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon respondent government's motion to dismiss (DE-84) petitioner Heather Diane Stewart's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("motion to vacate"). (DE-80). Stewart has not responded to the motion to dismiss and the time for doing so has expired. Accordingly, the motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that the government's motion to dismiss (DE-84) be GRANTED.

## I. BACKGROUND

On May 6, 2008, Stewart pled guilty pursuant to a written plea agreement to possession of a firearm by a felon and aiding and abetting. (DE-29, DE-31). On August 12, 2008, this Court sentenced Stewart to 37 months in prison and three years of supervised release. (DE-36, DE-37). Stewart did not appeal her sentence. Stewart began supervised release on October 21, 2010. (DE-65). The Court revoked Stewart's supervised release on July 18, 2011. (DE-78). She filed

1

the instant motion to vacate on March 13, 2012. (DE-80).

According to the Federal Bureau of Prison's Inmate Locator, Stewart subsequently served out her term of imprisonment and was released from custody on May 4, 2012. She is no longer being supervised by the United States Probation Office. As such, the government contends that the motion to vacate should be dismissed as moot.

## II.    DISCUSSION

A writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). Section 2255 offers relief only to "[a] prisoner in custody." 28 U.S.C. § 2255(a); *see also* 9 A.L.R.3d 462 § 3 ("Since a motion to vacate a sentence under 28 U.S.C.A. § 2255 can be maintained only to attack a sentence under which a prisoner is in custody, the case is moot insofar as a § 2255 proceeding is concerned" where the prisoner has been released from custody). "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). Once a prisoner is released from incarceration and is no longer being supervised, his habeas writ no longer presents a live case or controversy and the case becomes moot. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).

In the instant case, when Stewart filed her motion to vacate on March 13, 2012, she was in federal custody and thus her motion was viable at that time. Since then, however, Stewart has been released from custody and is no longer subject to supervision. Her motion to vacate has therefore become moot and should be dismissed. Fortner v. United States, Nos. 3:05-0263, 3:03-00110-01, 2010 U.S. Dist. LEXIS 68064, at *1-2 (S.D. W. Va. July 8, 2010) (dismissing as moot the petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 where the petitioner was no

2

longer in federal custody).

The undersigned therefore concludes that the motion to vacate is moot and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the government's motion to dismiss (DE-84) Stewart's motion to vacate be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, October 18, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE